## FRANK E. BLACKMAN ET AL.
### v.
## LINDA BLOOM.

*Trespass—Removal of Household Furniture—Chattel Mortgage—Evidence—Instructions.*

In an action to recover damages suffered through the removal of household furniture claimed under a chattel mortgage, this court holds that the instructions were improper.

[Opinion filed April 3, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. JOHN S. ALTGELD, Judge, presiding.

Messrs. T. MORRISON and A. B. JENKS, for plaintiffs in error.

Mr. JOHN C. KING, for defendant in error.

GARY, J. This is an action of trespass *de bonis asportatis,* by the defendant in error against the plaintiffs in error.

Whether one of the plaintiffs in error participated in the acts of which the defendant in error complained, and whether the other was acting in accord with her wishes, were questions upon which, perhaps, if the instructions had been accurate, the verdict of the jury might have been conclusive, though it seems extravagant.

But the singular and plural are mixed in the instructions in such a manner, that if the jury were guided by them, th y may have found a verdict against both, on evidence of the acts of but one. The first instruction, in reciting what devolved upon her to show, says, "and further, that the defendant unlawfully," etc. The last says, "and that the defendant wrongfully," etc., "and converted the same to *his* own use, then the jury should find the *issues* for plaintiff." The plea was joint, not guilty. Under that issue one might be acquitted, and the other found guilty. 2 Tidd Pr. 896, 985. And so while in form the *issue* was single, whether both were guilty, in substance it was several as to each, and the instruction is to find the *issues* for plaintiff, on the acts of one defendant.

It is not necessary to consider other questions in the case, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*